## C. J. LOAKMAN v. THE STATE.

### *No. 383. Decided February 7.*

**1. Statement of Facts—Practice on Appeal.**—A purported statement of facts found in the transcript on appeal will not be considered where it is not shown to have been approved by the trial judge.

**2. Same—Continuance.**—In the absence of a statement of the facts proved on the trial, the appellate court can not determine the probable truth of the testimony for which a continuance was sought.

**3. Evidence—Bill of Exceptions—Practice.**—A bill of exceptions reserved to the exclusion of evidence should show the object and purpose to be attained by the testimony, as well as its relevancy.

**4. Same—Postponement.**—A bill of exceptions saved to the refusal of a postponement for twenty minutes to get a witness who had gone to dinner, which does not state the proposed testimony of the witness, nor disclose any injury to defendant, is too indefinite and uncertain to be entertained.

**5. Letters as Evidence.**—In order to constitute private letters from his wife to the defendant competent and admissible evidence, the relevancy, pertinency, and bearing of the letters on the case must be shown.

**6. Bill of Exceptions — Practice. —** A bill of exceptions taken to the court's allowing and permitting certain questions to be asked defendant as to his antecedents, is defective and wholly insufficient if it fails to set out the answers of defendant to the questions.

**7. Same.**—Objections to the introduction of testimony not stated are deemed to have been waived.

APPEAL from the District Court of Bexar. Tried below before Hon. G. H. NOONAN.

This appeal is from a conviction of theft of a gold filled watch and chain, a silver pencil case, pearl handled knife, and one gold breastpin, all of the aggregate value of $40. The punishment assessed was imprisonment for three years in the penitentiary.

The purported statement of facts found in the transcript of the record on appeal was not approved by the trial judge, and consequently was not considered on the appeal.

*W. H. Brooker*, for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—This conviction was for theft of a watch and some articles of jewelry. In the record is found what purports to be a statement of the facts proved on the trial, but can not be considered on appeal because not approved by the court.

1. The application for continuance was properly overruled. The absent witness was and is the wife of appellant, and her residence Kansas City, in the State of Missouri. The diligence as stated is wholly insufficient. The facts expected to be proved were, as stated in said application, " that at the time said property was stolen as alleged, defendant was at home, in his house, near West End, in the city of San Antonio, Texas, and that said witness was with him and their child at said house."

In the absence of the evidence adduced on the trial, we are not able to determine the probable truth of this testimony. The testimony on the trial may have shown conclusively that the facts set out were not true.

2. Defendant's second bill of exceptions recites, that he " wanted to prove by the State's witness Frances Moody that he came to her house on one Sunday, and brought a little girl with him, about 2 years old, and said it was his." The object and purpose of offering this testimony is not stated, nor is it apparent. Davis v. The State, 14 Texas Cr. App., 645.

3. The same witness stated, " that defendant came to her house and wanted to get a friend of hers to make him a pair of shoes. That defendant had these shoes made prior to this theft, to enable him, from his physical defects, to walk about on the streets." This was objected to by the prosecution. The object or purpose to be attained by this testimony is not stated, nor are we able to perceive its relevancy from the statements of the bill.

4. During the trial a postponement of twenty minutes was requested in order to obtain the evidence of a witness who had gone to his dinner. The request was refused. Counsel stated that the evidence of the witness " was material and corroborating." The evidence of the witness is not stated, and no injury shown; nor is it denied that the witness subsequently returned to the court room. The bill is too indefinite and uncertain to be entertained.

5. Defendant, while testifying in his own behalf, was asked the condition of his wife, and " offered to show by late letters  *  *  *  that she had been confined in childbirth, and had suffered a relapse in consequence thereof; to the introduction of said letters the district attorney objected, and the court sustained said objections." What bearing these letters had on the case we are unable to perceive, and the defendant fails to inform us the reason for offering them in evidence.

6. The district attorney asked defendant, while on the witness stand, " If it was not a fact that you were shot in being captured as a train rob-

ber? Didn't the detectives shoot you and have to kill your companion? Didn't you escape and come to Denver, and thence to San Antonio? Aren't you a refugee from justice?" and other kindred questions. The court states, in qualification of the bill, that the questions were allowed because defendant "made profert of his crippled leg, and stripped and exhibited his leg as evidence that he was unable, on account of his physical defects, to commit the crime of theft, or any other offense."

Whether it was legitimate to inquire into these antecedents of defendant, we are not called upon to decide under this bill, because his answers, if any, are not given, nor are the grounds of objections stated. He may have answered in the negative. Again, objections to the introduction of testimony not stated are deemed to have been waived. Wilkerson v. The State, 31 Texas Cr. Rep., 86, and authorities there cited.

As presented the record discloses no error requiring a reversal of the judgment, and it is therefore affirmed.

*Affirmed.*

Judges all present and concurring.