## JOE STEVENS V. THE STATE.

### No. 1406. Decided January 26, 1898.

**1. Assault with Intent to Murder—Tests of.**

To constitute assault with intent to murder, it is essential to show, that had death resulted the offense would have been murder in the first or second degree. If the killing had occurred and it would have been manslaughter then the issue, when death did not result, would be aggravated assault and not an assault with intent to murder.

**2. Same—Aggravated Assault—Charge of Court.**

On a trial for assault with intent to murder, where the evidence showed that the assaulted party threw a stick at and struck defendant, causing blood to flow, and defendant then fired upon his fleeing assailant, but missed him; Held, that whether defendant had seized his gun before or after he was struck by his adversary with the stick of wood, if the striking with the stick of wood produced pain or bloodshed or such a degree of anger, rage, sudden resentment or terror as to render defendant's mind incapable of cool reflection, his firing upon his adversary without causing death would constitute no higher grade of offense than aggravated assault, and it was error for the court to refuse or omit to so charge the jury.

**3. Same.**

The specific intent essential to assault with intent to commit murder is not established simply by the fact of defendant's calling the prosecutor a liar and picking up a gun.

APPEAL from the District Court of Hunt. Tried below before Hon. HOWARD TEMPLETON.

Appeal from a conviction for assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The indictment charged appellant with assault with intent to murder one W. T. Greathouse, on the 8th day of September, 1896.

There does not appear to have been any bystanders or eyewitnesses to the difficulty between the parties, both of whom testified at the trial. It seems that Greathouse, the prosecutor, had worked for the defendant, Stevens, and Stevens owed him $20 for his labor, and being unable to collect this amount, Greathouse had put it in the hands of a lawyer to collect. On the day of the difficulty the parties met in the public road, each riding in his wagon, and Greathouse asked defendant if his lawyer had asked him for the money on his account. Greathouse testified: "When I asked him that, he said I had not treated him right. I told him I could not help it; that he would not pay me, and I had to sue him. He said I was a liar, and reached in his wagon for his gun. When I saw the gun I picked up a stick of stovewood and struck him my best; I did not pick up the stick until defendant got his gun, and when I hit he was raising his gun. As I hit him, I fell out of my wagon and started to run. Defendant jumped out of his wagon and started after me; he then kinder stopped and looked up and down the road, and said, 'God damn you, I will kill you;' and raised the gun. I started to run; defendant then shot at me. I fell as I was running, just as defendant shot at me. If I had not fallen he would have killed me."

The defendant Stevens testified substantially as did Greathouse as to what occurred up to the time he called Greathouse a liar. He testified, that when he called Greathouse a liar the latter struck him on the head with a piece of stovewood, which hurt him and caused his head to bleed. He testified: "I then picked up my gun, which was in my wagon, and jumped out of my wagon. Greathouse got out of his wagon. He had a hatchet in his hand and came towards me. I raised my gun, and he broke to run. After he started to run I shot. Just about the time I shot he fell down. He was running when I shot. I did not aim to kill him, and did not shoot to kill him. If I had killed him, it would have been an accident."

*J. G. Mathews,* for appellant

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of an assault with intent to murder, and given two years in the penitentiary; hence this appeal.

The court correctly submitted the question of assault with intent to murder under the State's view of the case. He submitted the issue of an aggravated assault upon the theory that defendant fired at the alleged injured party with no intent to kill, but to alarm and frighten. He also submitted the issue of self-defense. These charges were correct, and should have been given. Appellant excepted, and reserved his bill of exceptions, because the court did not charge the second theory of aggravated assault. The facts introduced by defendant in this connection were substantially as follows: When the parties met, and the altercation came up, the defendant testified that the alleged assaulted party threw a stick of wood at and struck him on the head, which caused blood to flow; that defendant then reached for and secured his gun; that the injured party fled, and he fired at, but missed him; that he did not intend to kill him, and did not fire or shoot with such intent. As before stated, the court instructed the jury with reference to that phase of the testimony which called in question the specific intent to kill when the shot was fired, but failed to charge the jury with reference to that phase of it which became an issue in the case—that, although he might have fired with the intent and for the purpose of killing, yet, under that state of case, it still might be an aggravated assault; for this testimony proves (if it proves anything) the adequate cause, and, if the jury believed that he shot for this reason, and that the blow produced such anger, rage, sudden resentment or terror as rendered his mind incapable of cool reflection, he would only be guilty of an aggravated assault—death not ensuing. In order to produce an assault with intent to murder, the killing, if it had occurred, would be murder in the first or second degree. If the killing would have been reduced to manslaughter, or the testimony raised that issue, then, the homicide not occurring, the question of aggravated as-

sault is raised by the evidence, and should be submitted. That the blow was inflicted by the alleged assaulted party upon the defendant is placed beyond any question. All the testimony proves that fact. The disputed issue in this connection arises from the discrepancy in the testimony as to whether the blow was inflicted before the defendant secured his gun or subsequently. The State showed that the blow was inflicted upon the defendant after he had secured the gun; that for the defendant, that it was inflicted before the defendant procured his gun, and that it was the moving cause for defendant's getting his gun. We think the charge should have been given. We find attached to the bill of exceptions the reason of the trial judge for the failure to submit the charge on this particular subject to the jury. Condensed, the reason is that, when the appellant called the prosecutor a liar, and picked up his gun, he was guilty of an assault with intent to murder. The court conclusively makes this assumption—assuming not only an assault, but that it was with the specific intent to kill and murder the prosecutor. If this be correct, the shooting at prosecutor by appellant would cut no figure, except to throw light on the animus of the defendant, for an assault with intent to kill and murder had already been committed. Now, we can not agree to the proposition that the evidence shows beyond any controversy that by calling the prosecutor a liar, and picking up his gun, appellant committed an assault with the specific intent to kill and murder. If he was not guilty of an assault with intent to commit murder when the prosecutor struck him with the stick, producing pain and bloodshed, then there arose a provocation amply sufficient to produce such passion as would reduce the homicide, had it occurred, to manslaughter; but death not ensuing, it would be an aggravated assault. Again, the court assumes, from the conduct of the appellant, that there was no passion aroused. There was a cause for passion and legal provocation, and certainly the jury ought to have been permitted to pass upon whether, in fact, appellant was acting under a passion aroused as before stated.

For the error discussed above, the judgment is reversed and the cause remanded.

*Reversed and remanded.*