## J. W. FRANCIS v. THE STATE.

No. 4137. Decided May 5, 1909.

**1.—Local Option—Charge of Court.**

Where upon trial of a violation of the local option law the charge of the court did not state what the defendant was charged with selling, the same was defective.

**2.—Same—Intoxicating Liquors—Requested Charge.**

Where upon trial of a violation of the local option law the requested charge on intoxicating liquors was defective in the definition thereof, there was no error in refusing the same.

Appeal from the County Court of Mitchell. Tried below before the Hon. A. J. Coe.

Appeal from a conviction of a violation of the local option law; penalty, $25 and twenty days confinement in the county jail.

The opinion states the case.

*L. W. Sandusky,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $25 and twenty days imprisonment in the county jail.

The second paragraph of the court's charge reads as follows: "Now, if you believe from the evidence in this case, beyond a reasonable doubt, that the defendant did unlawfully sell to L. C. Dupree, on or about the 15th day of March, 1908, in said county and State, then you will find the defendant guilty, and assess his punishment at a fine of not less than $25 nor more than $100, and by imprisonment in the county jail not less than twenty days nor more than sixty days." This charge is defective. It does not state what the defendant is charged with selling.

Appellant presented to the court the following special charge: "Gentlemen of the jury, you are charged, as a part of the law in this case, that if you find from the evidence that the liquor sold by the defendant herein was the same as sold to all who called for same at his place of business during the year of 1908, and that the same did not contain alcohol in sufficient quantity, when drunk in quantity such as the ordinary stomach of a reasonable man, to produce intoxication, then you will find the defendant not guilty." This first clause of the charge should not have been given. For definition of intoxicating liquors, see many authorities of this court too numerous to collate.

For the error pointed out the judgment is reversed, and the cause remanded.

*Reversed and remanded.*