## T. M. FERGUSON v. THE STATE.

### No. 106. Decided November 3, 1909.

**1.—Aggravated Assault—Husband and Wife—Cross-Examination—Bill of Exceptions.**

While it is a well-established rule, under the law of this State, that a wife, on cross-examination, cannot be made to testify to any matter that is not germane to a cross-examination of her testimony in chief, yet where the bill of exceptions was defective in not showing what the testimony was on such cross-examination, the same cannot be considered on appeal from a conviction of an aggravated assault.

**2.—Same—Evidence—Bill of Exceptions—Res Gestae.**

Upon trial for aggravated assault, where the evidence showed that defendant placed his hands on the prosecutrix without her consent, etc., there was no error in permitting said prosecutrix as a witness to explain her statement why she did not complain of this conduct, and why she answered in the negative when first questioned by the wife of the defendant as to said transaction.

Appeal from the County Court of Wood. Tried below before the Hon. W. W. Campbell.

Appeal from a conviction of aggravated assault; penalty, a fine of $100.

The prosecutrix testified that after she had retired to her room at defendant's home and gone to bed, the defendant entered her room and got on prosecutrix's bed and placed his hand across her breast; that she instantly threw up her hands and felt his rough hand and also his mustache; that she asked, "Who is that?" and he said, "Be quiet, Marie, this is Ferguson," speaking in a low tone of voice; that she jerked loose, jumped over the foot of the bed, opened the door to the room of defendant's wife, awakened her and told her someone was in her room; that she lighted the lamp in her room and she and defendant's wife looked around for the man who had entered the prosecutrix's room, but saw no one; that defendant's wife asked prosecutrix whether she knew who it was that entered her room, and that she answered in the negative, because she just could not tell her that it was her husband, inasmuch as they had been so good to her and had treated her like their own child; that all this happened a little after midnight, etc., and that she recognized defendant by his voice.

The defendant's wife testified that her husband was not at home at the time prosecutrix said he entered her room; that prosecutrix said that she could not tell whether the man who entered the room was a white man or a negro, etc. Other testimony for the defense showed that defendant was not at his house where the trouble occurred at the time stated by the prosecutrix.

The opinion states the case.

*Jones & Jones,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of aggravated assault, and his punishment assessed at a fine of $100.

1. Bill of exceptions No. 1 complains of the following: That while Mrs. T. M. Ferguson, wife of appellant, was on the stand testifying in behalf of appellant, the county attorney asked her upon cross-examination, the following question: "What time did the defendant come home on the night of the alleged assault," to which question appellant then and there in open court objected, because the same was immaterial and irrelevant, and the same was an attempt to cross-examine witness about matters not brought out in her direct examination, and because the same was requiring the wife of the defendant to give testimony against him, and the same was about matters not asked about on the direct examination of said witness,

which said objections were in all things by the court overruled, and the witness was required to testify and did testify that it was about 4 o'clock in the morning when the defendant came home. Bill of exceptions No. 2 complains that while appellant's wife was on the stand the State asked her the following question: "What effort did the defendant make to notify the officers that Miss Bishop had been assaulted after he came home on the morning after the alleged assault?" Appellant, through his counsel, made exactly the same objections, and the witness testified that appellant made no effort to notify the officers of Winnsboro, that a man had been in Miss Bishop's room. It is a well known and established rule of this court and under the law of this State that a wife on cross-examination cannot be made to testify to any matter that is not germane to a cross-examination of her testimony in chief. In other words, that the cross-examination must be limited to a cross-examination of the wife's direct testimony. These bills, however, are defective in that we will not treat objections to testimony as certificates of fact that the cross-examination was not limited to a legitimate cross-examination of the wife. It is true appellant objected to the testimony on the ground that it was not, but there is nothing in the bills to show that it is not. This being true, there is no error on the part of the court shown. The same may be said of bill of exceptions No. 3. Bill No. 3 complains that the county attorney was permitted to ask this question. "Had the defendant been in your room that night before he came in at 4 o'clock on that night?" The court approves the bill with this statement: "The wife had testified on direct examination that her husband was not at home at the time of the alleged occurrence." Certainly this would render the cross-examination legitimate.

2. Bill of exceptions No. 3-A shows that while the witness Mrs. Marie Rash was testifying upon direct examination, in behalf of the State, she testified as follows: "I just could not tell her that it was Mr. Ferguson, the defendant, as they had been so good to me and had treated me like their own child." Appellant objected to this testimony on the ground that same was immaterial and irrelevant, and because the witness was trying to explain her conduct about why she had denied the identity of the assailant, before she had been cross-examined about it, and because it was an attempt by the State to bolster up the witness before her credibility had been attacked, and because it called for a conclusion of the witness, and because the witness could only testify to facts and let the jury reach their conclusion, and because the same was proving by the witness her reasons for not doing certain things, and her reasons could not bind the defendant; that same was prejudicial and inadmissible. The court appends to this bill the following statement: "This testimony was admitted as an explanation of why she did not tell Mrs. Ferguson

who it was in the room; and it was admitted as part of the res gestae, it occurring immediately after the offense was claimed to have been committed. She was fully crossed upon this testimony." We see no error in the ruling of the court. Where a party for any reason fails to make a statement that is explanatory it is proper for the witness to give a reason for silence when the circumstances often would suggest a candid statement.

3. Bill of exceptions No. 3-B shows that while Marie Rash, who had been recalled to testify in behalf of the State, was on the stand, she stated: "I knew who it was in my room that night and I knew who it was when Mrs. Ferguson asked me, but I could not tell her. I did not tell her and I could not so do." Appellant objects to this testimony for the same reasons stated above. This testimony was admissible.

Various objections are urged to the charge of the court, all of which we have carefully reviewed, and in the light of this record we must say there is no error in same authorizing a reversal of this case.

Finding no error in the record, the judgment is in all things affirmed.

*Affirmed.*