## JOHNSON WARD v. THE STATE.

No. 1731. Decided April 24, 1912.

**1.—Murder—Statement of Facts—Approval of Judge.**

Where, upon appeal from a conviction of murder, the document purporting to be a statement of facts was not approved by the trial judge and did not even bear the signatures of the attorneys either for the State or for the defendant, the same could not be considered. Following Lawrence v. State, 7 Texas Crim. App., 192, and other cases.

**2.—Same—Evidence—Bills of Exception.**

Where no grounds of objection are stated in the bills of exception on the question of evidence, the same can not be considered on appeal.

**3.—Same—Evidence—Confessions—Bill of Exceptions.**

The mere statement of grounds of objection in the bill of exceptions reserved to the defendant's confessions is not a certificate of the judge that the facts stated are true; besides, there was no error in admitting the alleged confessions, and it must be presumed in the absence of a statement of facts that they were admitted properly.

**4.—Same—Evidence—Opinion of Witness.**

Upon trial of murder, there was no error in permitting a physician to testify that he arrived at the scene of the homicide shortly thereafter, and there was nothing in the attitude of the body or the clothing of deceased to indicate a struggle.

**5.—Same—Hearsay Evidence.**

There was no error to refuse to permit a witness to testify that he had heard that another witness had been indicted for rape.

**6.—Same—Evidence.**

It was not permissible on trial of murder to introduce testimony that defendant was a good worker.

**7.—Same—Bill of Exceptions.**

A bill of exceptions which is not approved by the court, can not be considered on appeal.

**8.—Same—Charge of Court.**

In the absence of a statement of facts, it must be presumed that the court submitted the issues as made by the evidence in his charge to the jury.

Appeal from the District Court of Nacogdoches. Tried below before the Hon. James I. Perkins.

Appeal from a conviction of murder in the first degree; penalty, death.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—In this case the appellant was found guilty of murder in the first degree and his punishment assessed at death.

There is what purports to be a statement of facts sent up with the transcript, but the same does not bear the approval of the judge trying the case; it does not even bear the signatures of the attorneys for the State or the appellant, nor any agreement that it is a correct statement of the evidence adduced on the trial. It has been held by this court that to be of any validity whatever the statement of facts must be approved and signed by the judge who tried the case, and that a document purporting to be a statement of facts not approved and signed by the judge constitutes no part of the record, even though agreed to by counsel for the State and defendant. In this case the document has not even been agreed to by counsel, so under the decisions we can not consider it for any purpose. Lawrence v. State, 7 Texas Crim. App., 192; Bennett v. State, 16 Texas Crim. App., 236; Johnson v. State, 29 Texas Crim. App., 210; Baldwin v. State, 39 Texas Crim. Rep., 245; Bowen v. State, 42 S. W., 994; Green v. State, 43 S. W., 1005; Bailey v. State, 37 Texas Crim. Rep., 579; Loakman v. State, 32 Texas Crim. Rep., 561; White v. State, 9 Texas Crim. App., 41; and see authorities cited in section 1169, White's Ann. Code Criminal Procedure, and section 40, Branch's Crim. Law. This has been the unvaried rule since the organization of this court, and in the Supreme Court when it had jurisdiction of criminal cases. However, we have read the document attached to the transcript (this being a death penalty case) and the evidence recited therein would show that appellant killed his mother-in-law by shooting her without just cause or provocation. We can, because we can not consider the document filed, only pass on the case as if we had not read the document, and only review such matters as are presented by bills of exceptions.

In bill No. 2 it is not shown what the answer would have been had appellant's counsel been permitted to answer the question, and no grounds are stated of objection to the ruling of the court. In bill No. 4 it is shown a witness was asked a question and was permitted to answer to which appellant "objected," no grounds of objection being stated; other bills are in the same condition. These can not be considered. Tweedle v. State, 29 Texas Crim. App., 586; May v. State, 25 Texas Crim. App., 114; Green v. State, 43 S. W.

Rep., 1005, and see authorities collated in section 1123, White's Ann. Code Criminal Procedure, and Branch's Crim. Law, section 46.

In one bill appellant objected to the confession, made by appellant, being introduced in evidence, the grounds of the objection being that it was not freely and voluntarily made; that defendant was not warned and cautioned as required by law, and that defendant was under arrest at the time it was made. These are the grounds, and it has been held that a mere statement of grounds of objection in a bill is not a certificate of the judge that the fact stated is true; it merely shows that such an objection was made. Defendant should incorporate so much of the evidence in the bill as would verify the truth of the objections made. Marsden v. State, 59 Texas Crim. Rep., 36, 126 S. W., 1160; Fulshear v. State, 59 Texas Crim. Rep., 376, 128 S. W., 134; Hunter v. State, 59 Texas Crim. Rep., 439, 129 S. W., 125; Douglas v. State, 58 Texas Crim. Rep., 122, 124 S. W., 933; Ferguson v. State, 57 Texas Crim. Rep., 205, 122 S. W., 551, and authorities cited in section 46, Branch's Crim. Law, and section 1123, White's Ann. Code Criminal Procedure. However, the confession which is attached as an exhibit to the bill shows: "I, Johnson Ward, after being duly warned by W. B. O'Quinn, the district attorney, first: That I do not have to make any statement at all, and, 2d: That any statement made by me can be used against me on my trial for the offense concerning which my statement is made, do here and now make the following voluntary statement to the said W. B. O'Quinn." Thus it is seen that the confession on its face renders it admissible unless some fact was stated in the bill which would render it inadmissible, and there being no statement of evidence in the bill, and we having no statement of facts that we can consider, we must presume that the court acted properly in admitting it in evidence.

It was not improper to permit the physician to state that he arrived at the scene of the homicide shortly thereafter, and there was nothing in the attitude of the body or the clothing to indicate a struggle. It was a case of circumstantial evidence, outside of the confession of defendant and his testimony adduced on the trial.

It was not error to refuse to permit a witness to state that he had heard that another witness had been indicted for rape. The best evidence was a copy of the indictment, or the witness should have been asked the question while he was on the witness stand, but another witness could not be interrogated in regard thereto.

Neither was it permissible to prove that defendant was a "good worker;" that was not an issue in the case.

Bill of exceptions No. 7 is not approved by the court; therefore, we can not consider it.

There being no statement of facts, and the charge of the court submitting fully murder in the first and second degree, we must presume that it submitted the issues as made by the evidence, and we can not,

therefore, pass on the questions raised in the motion in regard to the charge of the court. We say again, that when the death penalty is assessed, we regret exceedingly that a record gets to us in such condition that we are not permitted to pass on each and every question suggested in the motion for new trial, but the rules of law bind us, as they bind the district judge, and as they bind one charged with an offense.

There being no error pointed out in the record as presented to us, the judgment is affirmed.

*Affirmed.*