ABUNDIO HERNANDEZ v. THE STATE.

No. 3930.    Decided January 26, 1916.

**1.—Assault to Murder—Aggravated Assault—Charge of Court.**

Where, upon trial of assault to murder, the evidence for the State was sufficient to support the verdict for that offense, yet the defendant having offered evidence which raised the issue of aggravated assault, the court's failure to charge thereon is reversible error.

**2.—Same—Intent to Kill—Shoot to Frighten.**

Upon trial of assault to murder, there must be evidence of a specific intent to kill, or a reckless disregard of human life, and where there was evidence that defendant fired the shot to frighten the alleged injured party, a charge upon aggravated assault should have been submitted. Following Thomas v. State, 60 Texas Crim. Rep., 84, and other cases.

**3.—Same—Reproduction of Testimony.**

Where, upon trial of assault with intent to murder, defendant offered testimony that since the examining trial one of his witnesses who testified on self-defense was beyond the jurisdiction of the court, he should have been allowed to reproduce said testimony.

**4.—Same—Newly Discovered Evidence—Practice on Appeal.**

Where the judgment is reversed and the cause remanded, the question of newly discovered evidence need not be considered.

Appeal from the District Court of Bee. Tried below before the Hon. F. G. Chambliss.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Beasley, Beasley & Daugherty,* for appellant.—On question of court's failure to charge on aggravated assault: Pate v. State, 54 Texas Crim. Rep., 462; Davis v. State, 63 id., 484, and cases cited in opinion.

On question of reproduction of testimony: Barron v. State, 23 Texas Crim. App., 462.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of assault to murder, and his punishment assessed at two years confinement in the State penitentiary.

Without reciting the testimony, we will say that the evidence offered in behalf of the State would amply support the verdict, but we think, under the decisions of this court, the evidence offered in behalf of the defendant raised the issue of aggravated assault, and it should have been submitted in the charge of the court, and on account of the failure and refusal of the court to do so it will necessitate a reversal of the case.

Appellant testified he went to a dance at Espidio Ramirez's house. After the dance was over he and others came downstairs into the restaurant; that while in the restaurant Jesus Ramirez put him out of the restaurant for cursing. That he started in the direction of the postoffice, when Espidio Ramirez and Pedro Torres followed him, and while they were engaged in conversation he saw Jesus Ramirez and his brother approaching; that he told Espidio to send the boys back, and he began to back off; that they did not go back, and he pulled his pistol and fired into the ground to frighten them away. To use his language as it appears in the statement of facts: "I shot in the ground when Espidio and his two sons continued to follow me, as I thought they were going to do me some harm and I wanted to scare them away. I shot twice. I shot in the ground both times; that altogether there were nine shots fired, but the other shots, than the two shots he says he fired, were fired by others from the direction of the postoffice."

Thus, according to his testimony, he fired the shots he says he fired to frighten Espidio and his boys away. In an assault to murder case there must be a specific intent to kill, or the shots fired with such a reckless disregard of human life as that the law will impute malice.

Appellant excepted to the court's charge because of the failure to submit aggravated assault, and asked two special charges presenting the issue, that if appellant fired the shots, he fired to frighten away Ramirez and his two sons, with no intent to kill, he would be guilty of no higher grade of offense than aggravated assault. This issue should have been submitted to the jury for their determination. Thomas v. State, 60 Texas Crim. Rep., 84; Angel v. State, 45 Texas Crim. Rep., 135; Stevens v. State, 38 Texas Crim. Rep., 550.

Another matter is presented which we think necessary to pass on. Appellant's contention is, that Jesus Ramirez and his brother were approaching him under circumstances that led him to believe his life was in danger. Arturo Chapa was a witness at the examining trial, and his testimony was reduced to writing. On the trial of this case appellant offered proof that since the examining trial Arturo Chapa had gone to Mexico and was beyond the jurisdiction of the court. Under such circumstances we think he should have been allowed to reproduce so much of the testimony as would have shown that Jesus Ramirez was armed with a pistol on that occasion, and had secured cartridges from the witness Chapa.

The newly discovered testimony need not be discussed, as it will not be newly discovered on another trial.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

DAVIDSON, JUDGE, absent.