## EX PARTE LOLA LEIFESTE.

No. 17387. Delivered December 19, 1934.
Reported in 77 S. W. (2d) 675.

The opinion states the case.

*Glenn Capps,* of Mason, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—This is an original application for a writ of habeas corpus in which relator is seeking to be discharged from a judgment of conviction of a misdemeanor in which her punishment was assessed at a fine of $10.

It is made to appear from the application that relator was charged by complaint in a justice court of Mason County with the offense of using abusive language under article 482, P. C.. From a conviction in said justice court, relator appealed to the district court, which had jurisdiction of appeals in misdemeanor

cases, where she was again convicted of said offense. Relator claims that she is entitled to the writ of habeas corpus upon two grounds: First, that the complaint does not charge any offense, that it is vague, duplicitous, uncertain, indefinite, and that it charges two phases of the same statute in the same count; and, second, that the complaint upon which relator was tried and convicted was not filed in the justice court.

It has been the uniform holding of this court that when a complaint or indictment is absolutely void, this court has the power to arrest the judgment, but the writ of habeas corpus is never authorized to be used as a method of an appeal. See Ex parte Drenner, 67 S. W. (2d) 870. The complaint charges that relator "on or about the 5th day of July, A. D. 1932, and before the making and filing of this complaint, in the county of Mason and State of Texas, did then and there unlawfully and wilfully in the presence and hearing of J. H. Thomas, Jr., A. Thomas, Howard Thomas, and T. J. Reigon, curse and abuse the said J. H. Thomas, Jr., A. Thomas, Howard Thomas, and T. J. Reigon, and did use violently abusive language to and concerning a female relative of the said J. H. Thomas, Jr., A. Thomas, Howard Thomas, and T. J. Reigon under circumstances reasonably calculated to provoke a breach of the peace, in this: (Setting out the language used, which was clearly calculated to provoke a breach of the peace). Against the peace and dignity of the State." Relator moved to quash the complaint on the ground that it was duplicitous and that it charged two phases of the statute in the same count. It is now the well settled law of this State that where there are several ways set forth in the same statute by which an offense may be committed and all are embraced in the same general definition and made punishable in the same manner, while they are not distinct offenses, they may be charged conjunctively in the same count of the indictment. See Prendergast v. State, 41 Texas Crim. Rep., 358; Day v. State, 14 Texas Crim. App., 26; Goodwin v. State, 158 S. W., 274; Stevens v. State, 159 S. W., 505; Johnson v. State, 171 S. W., 211.

Relator's second contention is that the complaint was not filed in the justice court and therefore relator was convicted on a complaint which was destitute of legal effect; that in contemplation of law the complaint was not properly before the justice court and did not constitute a pleading. It appears from the record before us that the complaint upon which relator was tried in the justice court was before the court in that relator entered a plea of not guilty to the charge therein and made no

objection at the time that it was not filed. It is true the complaint fails to show upon its face an endorsement by the justice of the peace of the date and year when filed but the record shows that the court below took action upon the same, and when this appears it will be presumed that it was filed although no endorsement appears thereon. In the case of Hanover Fire Insurance Co. v. Shrader, 33 S. W., 113, the Supreme Court of this State, speaking through Judge Gaines, used the following language: "Where a paper is deposited with the clerk of a court for the purpose of making it a part of the record in the case, it is filed." In the case of Holman v. Chevaillier's Adm'r., 14 Texas, 337, it was said: "The term 'filed' is also used to denote the paper placed with the Clerk, and assigned by law to his official keeping." Article 1972, R. C. S. reads as follows: "When a petition is filed with the clerk he shall indorse thereon the number of the suit, the day on which it was filed, and sign his name officially thereto." The indorsement on the paper when it is filed is evidence of it having been filed; it is not a necessary element of the filing. The filing is complete when it is turned over to the proper official whose duty it is to keep the paper filed among the record. It was held in the case of Beal v. Alexander, 6 Texas, 531, that a paper is deemed to have been filed in the general land office when it shall have been delivered into the custody of the Commissioner or someone appointed by him under the law to receive it. When so delivered in contemplation of law, the paper is said to be filed or on file. See Young v. State, 86 Texas Crim. Rep., 621.

The relator in her application for the writ alleges that she was tried in the justice court of Mason County upon a complaint, a copy of which is attached to her application for the writ. While the complaint does not bear the indorsement of the justice of the peace, yet the relator entered a plea of not guilty thereto, and from the judgment of conviction appealed to the district court, without any showing that she objected to being tried in the justice court upon a complaint which was not filed. Under the circumstances, it will be presumed that the complaint was filed, and the burden rested upon relator to overcome this presumption by competent evidence.

Having reached the conclusion that relator is not entitled to the relief sought, the application for the writ of habeas corpus is refused.

*Application refused.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.