OLIN T. HILL v. THE STATE.

No. 18399.   Delivered June 10, 1936.
Rehearing Denied October 21, 1936.

The opinion states the case.

*E. T. Adams,* of Glen Rose, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was convicted of the offense of fraudulently receiving and concealing stolen property, and his punishment was assessed at confinement in the state penitentiary for a term of two years.

By bill of exception number one appellant complains because the court permitted the district attorney on cross-examination of appellant's wife to ask her if she did not refuse to give to Mr. Cobb and the sheriff the keys to the car after they told her that they had found the car and wanted the keys. To which appellant objected as not being within the scope of proper cross-examination, which objection was overruled; and thereupon the further proceedings were had, to-wit:

"Is it not a fact that they had to threaten to put you in jail before you would give them the keys? A. No, it is not a fact.

"Q. Didn't you ask them if you would give them the keys what they would do about you? A. No, I didn't. I went to the home of my father, found the keys, at least he did, and gave them the keys."

The bill of exception is insufficient in that it fails to show that this was not germane to testimony given by her on direct examination. Looking to the statement of facts we find that appellant first proved by the wtiness that when Mr. Cobb and the sheriff came to her home, told her that they had found the car, and asked her to give the keys to them; that she told them she did not have the keys; that they were at her father's home; that she went with Cobb and the sheriff to her father's home where her father delivered the keys of the car to them. We think the cross-examination was germane to her testimony given on direct examination. See Ferguson v. State, 57 Texas Crim. Rep., 205 (207); Barrow v. State, 72 S. W. (2d) 594; Buchanan v. State, 41 Texas Crim. Rep., 127; Brown v. State, 61 Texas Crim. Rep., 334.

Bill of exception number two is without merit.

By bill of exception number three appellant complains because the court permitted the State to contradict the testimony given by his wife with reference to what she did and said about the keys to the car when the officers came to her home and asked for the keys. We think this was permissible under the following authorities: Red v. State, 39 Texas Crim.

Rep., 414; Young v. State, 54 Texas Crim. Rep., 420; Link v. State, 164 S. W., 987.

The question of venue which appellant raised in his motion for a new trial is definitely settled by art. 200, C. C. P., 1925, and Mooney v. State, 76 Texas Crim. Rep., 539.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We have again gone over appellant's bills of exception complaining of the cross-examination of his wife. Most of the questions asked the wife in said cross-examination appear to have been answered in the negative. We find nothing violative of the rule against compelling the wife to testify against her husband.

The motion for rehearing is overruled.

*Overruled.*