## HUBERT McINTYRE v. THE STATE.

No. 22582. Delivered October 20, 1943.

The opinion states the case.

*Cunningham, Lipscomb & Cole,* of Bonham, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for selling whisky in Fannin County, which was alleged to be a dry area. Punishment was assessed at a fine of one hundred dollars.

Appellant requested the court to direct a verdict of "not guilty," and upon motion for new trial and upon this appeal insists that there was no evidence before the jury showing that Fannin County was a dry area. This contention must be sustained.

The statement of facts was prepared by the trial judge. It is therein shown that the State placed the County Clerk of Fannin County upon the witness stand and had him read to the jury the order of the Commissioners' Court of date May 15, 1903, directing the holding of an election in Fannin County to determine whether the sale of intoxicating liquor should be prohibited. He also had the Clerk read the order of the Commissioners' Court which declared the result of said election to have been in favor of prohibition. It then appears that the

certificate of publication of the result was not read to the jury, but that the State's attorney asked appellant's attorney if he wanted the certificate read, and appellant's attorney replied that "so far as he was concerned he did not require the certificate to be read."

There was no agreement that Fannin County was dry area, and no agreement that the certificate should be considered in evidence. Without proof that the order declaring the result of the election had been published as required by law the State had failed to sustain the averment that Fannin County was dry area. Watson v. State, 135 Tex. Cr. R. 632, 122 S. W. (2d) 311; Davis v. State, 167 S. W. (2d) 523; Craig v. State, 167 S. W. (2d) 523; Cremona v. State, 172 S. W. (2d) 102.

The omission of the certificate of publication evidently arose from some misunderstanding between counsel for the State and counsel for appellant. This is unfortunate, but we must take the record as it comes to us. As it thus appears the certificate in question is shown in the evidence heard upon the motion for new trial, but is absent from the statement of facts upon the trial before the jury.

The judgment is reversed and the cause remanded.