## G. B. PETTY, JR. V. STATE.

No. 29,991. October 22, 1958.

*Ratliff & Ratliff*, by *Dennis P. Ratliff*, Haskell, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is the sale of whiskey in a dry area; the punishment, a fine of $100.00.

Liquor Control Inspector Dudley testified that, while working undercover on the day charged in the information, he went to a certain filling station in the city of Aspermont where he saw the appellant and asked him for some whiskey, that the appellant left the station in an automobile, and when he returned delivered to the witness a pint of whiskey for which the witness paid him.

Appellant testified that he saw Dudley on the day in question, that Dudley asked him for some whiskey but that he refused to secure any for the witness. His testimony was, in a measure, corroborated by that of his witnesses.

The jury resolved this conflict in the evidence against the appellant, and we find the same sufficient to support the conviction.

We shall discuss the contentions advanced in the appellant's brief. He first claims that the evidence is insufficient to show that the area where the sale was made was dry. Mitchell, the county clerk testified that he was custodian of the minutes of the commissioners' court of Stonewall County. We quote as follows:

"Q. Now, Mr. Mitchell, I will ask you if there is any Minutes of the Commissioners Court which show the adoption of a local option liquor law in Stonewall County? A. There is.

"Q. And we will—Mr. Ratliff (counsel for the appellant) is waiving the reading of them—and I will just ask you to step over here and identify these * * *."

At the conclusion of his testimony we find the following:

"(Reporter's note: The aforementioned excerpts from the Minutes of the Commissioners Court of Stonewall County were not read to or handed to the jury during the trial of this case. The same are in words and figures as follows:)"

This is followed by the necessary orders which establish the dry status of an area.

Appellant relies upon McIntyre v. State, 146 Texas Cr. Rep. 308, 174 S.W. 2d 732, in which no proof of the publication of the results of the dry election appeared in the statement of facts. The statement of facts before us, approved by counsel for the appellant, contains proof of such proclamation. The court in his charge, to which we find no objections, told the jury that Stonewall County was a dry area. We have concluded that, in the absence of any issue being made during the trial, the record before us here sufficiently reflects the dry status of said county. See Cox v. State, 160 Texas Cr. Rep. 162, 267 S.W. 2d 830, the cases there cited, and Brown v. State, 164 Texas Cr. Rep. 244, 298 S.W. 2d 140.

Appellant next contends that the court's charge was fundamentally erroneous in that it failed to instruct the jury that they must find that the appellant sold the whiskey in question to Dudley. The charge, to which no objections were directed, told the jury to convict if they found that the accused "as charged in the information" sold whiskey in a dry area. The information charged the sale to Dudley. Francis v. State, 56 Texas Cr.

Rep. 129, 119 S.W. 97, upon which appellant relies, is not authority here because the charge in that case did not state a penal offense.

Finding no reversible error, the judgment of the trial court is affirmed.