SAM DOYLE AND ROBERT GODDARD V. STATE.

No. 30,816. November 25, 1959.

*Glenn Barber*, Jasper, for Appellant Albert Goddard; *Sexton & Owens*, Orange, for Appellant Sam Doyle.

*Leon Douglas*, State's Attorney Austin, for the state.

DICE, Judge.

Appellants Sam Doyle and Albert Goddard were jointly indicted with three other co-defendants for the theft of four hogs.

The appellants were jointly tried with one of the co-defendants, Edgar Barbre.

Appellant Doyle entered a plea of guilty, and his punishment was assessed at confinement in the penitentiary for two years.

Appellant Goddard and his co-defendant Barbre entered pleas of not guilty and upon the trial, Barbre was acquitted and the appellant Goddard was convicted and his punishment assessed at confinement in the penitentiary for three years.

Briefly the state's evidence shows that B. C. Williams, the prosecuting witness, lived in Newton County some three miles from the Sabine River and owned hogs which ran at large on the open range in the river bottom. On the date in question Williams missed four of his hogs and discovered where they had been killed and loaded into boats on the river. In the investigation which ensued the heads and severed ears of four hogs which had been cleaned were found in a slough near Thompson's Camp on the Louisiana side of the Sabine River. Williams identified the heads and ears as being from his hogs. It was shown that the appellant Goddard used a boat on the river with three strips on the bottom which corresponded with marks made by a boat at the place where the hogs were killed.

Appellant Sam Doyle called as a witness by the state testified that on the day in question he was at Thompson's Camp on the Sabine River fishing and that he went up the river with the appellant Goddard and the co-defendant Barbre where they killed four hogs. He stated that they brought the hogs back to to the camp in two boats where they were cleaned and that he took one to his home.

Appellant Goddard, as a witness in his own behalf, denied any participation in the killing and taking of the hogs.

Both appellants insist that the court erred in refusing to grant their motion for a new trial on the ground that the state failed to prove venue. No issue was raised in the trial prior to the filing of the motion for new trial and therefore we are to presume that venue was proven. Art. 847, V.A.C.C.P. Lawrence v. State, 117 Texas Cr. Rep. 228, 36 S.W. 2d 1018.

Appellant Doyle insists that his conviction cannot be sustained because it is based upon the uncorroborated testimony of accomplice witnesses His testimony given upon the trial in which he admitted his participation in the taking of the hogs was tantamount to a judicial confession and is sufficient to sustain his conviction. Harper v. State, 148 Texas Cr. Rep. 354,

187. S.W. 2d 570 and Ex Parte Keener, 166 Texas. Cr. Rep. 326, 314 S.W. 2d 93.

Appellant Goddard insists that his conviction should be reversed because of the court's action in admitting certain hearsay testimony against him.

The record reflects that the appellant Goddard filed application for a suspended sentence and while testifying as a witness in his own behalf stated that he had never been convicted of a felony. The state thereafter recalled as a witness Deputy Sheriff Carrol Phillips of Calcasieu Parish, Louisiana, who was permitted to testify, over the appellant's objection, that he had checked the records in his office through the chief deputy and that such check revealed that on July 9, 1929, one James Albert Goddard was convicted of a felony in Jackson, Michigan and given one-half to ten years and on September 3, 1936 was convicted in Calcasieu Parish for hog theft and given eight months. Such testimony was clearly hearsay, prejudicial to appellant and improperly admitted in evidence. Ward v. State, 66 Texas Cr. Rep. 313, 146 S.W. 931. The state so concedes and confesses error.

The judgment as to appellant Doyle is affirmed and for the reasons stated the judgment of conviction as to the appellant Goddard is reversed and the cause remanded.

Opinion approved by the Court.