Harry Remer URBAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 37122.

Court of Criminal Appeals of Texas.

Jan. 13, 1965.

Rehearing Denied March 3, 1965.

Charles W. Tessmer, Emmett Colvin, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., William F. Alexander, Jim Miller, C. M. Turlington and A. D. Jim Bowie, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

Appellant was convicted of the offense of engaging in the business of bookmaking as denounced by Art. 652a, Vernon's Ann.P.C.; his punishment was assessed at confinement in the state penitentiary for a term of three years.

The pertinent parts of the statute are:

"Art. 652a. Bookmaking; definition; penalty"

"Section 1. Any person who takes or accepts or places for another a bet or wager of money or anything of value on a horse race, * * * shall be guilty of book making and upon conviction be punished by confinement in the State Penitentiary for any term of years not less than one (1) nor more than five (5) or by confinement in the county jail for not less than ten (10) days nor more than one (1) year and by a fine of not less than One Hundred ($100.00) Dollars nor more than One Thousand ($1,000.00) Dollars.

"Sec. 2. Any person who shall within a period of one (1) year next preceding the filing of the indictment commit as many as three (3) acts which are prohibited under Section 1 of this Act shall be guilty of engaging in the business of book making and upon conviction shall be punished as provided in Section 1 of this Act."

The State's evidence reflects that J. C. Davidson, a police officer of the City of Dallas working in plain clothes, placed, and appellant accepted, bets on horse races on three separate days in December of 1961.

The State, over objection that it was hearsay, was permitted to introduce the indictment into evidence. It is the state's position that the indictment was offered for the purpose of showing the date of presentment to the Court in this case, for that purpose only, and for the record alone. The state also contends that since the indictment had been read to the jury that the part

introduced before the court could not have caused injury to appellant.

Appellant challenges the sufficiency of the evidence because the trial court instructed the jury not to consider the indictment as evidence of guilt; therefore, the jury could not have found that the three acts of bookmaking could not have been proved to have been within one year prior to its filing.

We have concluded the learned trial court fell into error in not sustaining appellant's objection to the admission of the indictment. The indictment was clearly hearsay. It constituted no proof. Hearsay evidence is not actually evidence at all. 24 Tex.Jur.2d, p. 51, Sec. 557; Ex Parte Thrash, 167 Tex.Cr.R. 409, 320 S.W.2d 357; Doyle v. State, 168 Tex.Cr.R. 458, 329 S.W.2d 286. Although it was properly read to the jury and also the jury might properly have taken the indictment into the jury room during its deliberations, the indictment was still merely a pleading of the state. If the indictment was not offered by the state *as evidence to show the date of presentment,* but only for the record, for that purpose alone and for the purpose of showing the court the date of presentment, then no proof was given to the jury. However, we are constrained to disagree with the state's position for the reason that this hearsay evidence shown by the indictment was also before the jury. It was the jury's task to find, and not the court, that the three acts alleged in the indictment were committed within a period of one year next preceding the filing of the indictment. These three acts must necessarily have been determined by facts derived from evidence to give support to a verdict of guilt. The state asserts that the date of presentment or filing of the indictment is not evidence of guilt, but *a fact to be determined to compute the period of limitations.* If the state's position is sound, then surely and certainly this was *an evidentiary fact.* Appellant's guilt could not be established *without evidence to sustain the allegation contained in the indictment that the three acts transpired within one*

*year prior to the filing of the indictment;* so the conclusion is inescapable that the indictment was offered into evidence by the state to show that limitation had not run on the offense charged.

The state earnestly insists that the doctrine of judicial notice applies in this case and that the indictment as read shows the acts to have been committed within less than one year prior thereto. The state says that judicial notice takes the place of proof and is of equal force and that the evidence is sufficient to support the conviction. However, the record here does not reflect that the Court took judicial notice. No request was made that the Court judicially notice the indictment or anything else. The Court did not indicate that it had judicially noticed the indictment, nor certainly was there a showing that the Court instructed the jury to consider the indictment under the doctrine of judicial notice. We doubt that it would have been proper for a court to have judicially noticed a vitally contested bit of imperative proof, such as the three essential dates in the indictment, anyhow. We think the state was relegated to proof and should have and could have adduced evidence pertaining to these dates without relying upon the indictment. Certainly the clerk of the court and the Minutes of the Court could have supplied this vital evidence. We feel that the Court's instruction in the charge to the jury effectively destroyed any credence that the jury might have placed upon the indictment initially. This phase of the court's charge was as binding as any other part of the charge of the court.

The writer expresses the view that an indictment is an integral part of the state's pleading and it is a useful and essential guide to the jury in its deliberations to test and weigh the evidence against the allegations contained in the indictment in order to determine if the state's proof supports these various allegations contained in the indictment. However, it would constitute fallacious reasoning to adopt the view that

this pleading of the state became evidence, without proof.

■ We find no necessity to pass upon appellant's other contentions. Upon another trial hereof, the complained of error in the court's charge will no doubt not arise again. We express the further view that no error is reflected in the action of the trial court in failing to instruct the court reporter to take down all of the voir dire examination of the jury panel, in view of the court's qualification of this bill of exception and the acceptance by appellant's counsel of the bill as qualified.

■ Finding the evidence insufficient to sustain the verdict, the judgment is reversed and the cause remanded.

WOODLEY, Judge (dissenting).

An indictment is "presented" when it has been duly acted upon by the grand jury and received by the court. Art. 184 C.C.P.

"The fact of a presentment of indictment in open court, by a grand jury shall be entered upon the minutes of the court, noting briefly the style of the criminal action and the file number of the indictment, but omitting the name of the defendant, unless he is in custody or under bond." Art. 394 C.C.P.

This was done and the date it was done was perpetuated and shown by the minutes of the court, Vol. 44, Page 462 as Recorded March 5, 1962.

The cause was given its number and the clerk endorsed on the indictment his file mark: "Filed Mar 5 11:43 A.M. '62."

There is no merit in the contention that the evidence is insufficient to sustain the conviction because there was no proof before the jury that the indictment was presented or filed on March 5, 1962, or the contention that proof of the date the indictment was *presented* did not constitute proof of the date of the *filing* of the indictment.

In the early case of Kennedy v. State, 9 Tex.App. 399, the Court of Appeals said:

"The records must show the fact of the presentment of the indictment, and that fact must be entered of record. * * * This was done, and the date upon which it was done was perpetuated and shown with certainty by the record. Under such circumstances, the record would be the surest and best evidence of the fact both of the date and the presentment, and in case of variance in the dates of the filing the *record* would control * * *. Suppose there had been no file-mark upon the indictment, would the failure or omission of the clerk invalidate the indictment? By no means; because the omission or failure of the clerk in this respect could be supplied, and would be, by reference to the records, kept and authenticated by the court. These records, and they alone, import verity with regard to judicial proceedings."

The date of the presentment of an indictment, the filing of the indictment and the record entry of the presentment of the indictment, if correct, necessarily correspond.

"Presented" and "filed" in this connection refer to the same date.

"Presentment" and "filing", in connection with indictments, have been used interchangeably by this Court in passing upon pleas of limitation. Duncan v. State, Tex.Cr.App., 59 S.W. 267.

One instance of the use of "filed" where companion statutes use "presented" referring to the same day is Art. 183 of the Limitation Statute.

The use of the word "filing" in the indictment, rather than the word "presentment," which is used in Sec. 2 of Art. 652a V.A.P.C., did not change the sense or affect the validity of the indictment.

Art. 410 Vernon's Ann.C.C.P. provides:

"Words used in a statute to define an offense need not be strictly pursued in

the indictment; it is sufficient to use other words conveying the same meaning, or which include the sense of the statutory words."

The indictment presented and filed on March 5, 1962, was introduced in evidence for the purpose of showing the date it was presented. The court, in his charge, instructed the jury that it was presented on March 5, 1962. The charge required the jury to find, in order to convict, that appellant "did take or accept * * * as many as three separate bets and wagers of money on horse races within a period of one year next preced—— the presentment of the indictment, *which was presented on March 5, 1962,* to-wit, the sum of five dollars on or about the said 19 day of December, A.D. 1961, the sum of five dollars on or about the 16 day of December, A.D. 1961, and the sum of five dollars on or about 15 day of December, A.D. 1961, * * *."

No issue was raised as to the date the indictment was presented and filed and the trial court did not err in charging the jury as to such date.

The contention regarding the state of the record with reference to whether the indictment was before the jury as evidence is quite like the contention we overruled in Petty v. State, 166 Tex.Cr.R. 569, 317 S.W. 2d 54.

The state's evidence was that appellant made the bets on December 19th, 16th and 15th, 1961, which were dates "within a period of one year next preceding the filing of the indictment." There was no testimony regarding bets made more than one year prior to March 5, 1962.

I respectfully dissent to the reversal of the conviction.

### ON STATE'S MOTION FOR REHEARING
MORRISON, Judge.

To sustain this conviction it was essential that the State offer proof for the jury's consideration that the offenses oc-

curred within a 12 months period next preceding the filing of the indictment.

The State has filed an extensive brief in which are cited a number of cases dealing with the construction of instruments and pleadings or a collateral attack thereupon, but not a single case in which the question of the sufficiency of the evidence was being discussed. So at most what went before the jury was a stamp on the back of the indictment. The indictment bears the name, "Mrs. Thornton, Clerk of Court", as a witness, and yet she was not called. We should not be asked to affirm a conviction without proper proof of an integral element of the case when proof was available and not offered.

The State's motion for rehearing is overruled.

WOODLEY, Judge (dissenting).

The dissent of the writer on original submission was addressed in part to appellant's contention that "presentment" is a distinguishable act from that of "filing" and that the statute refers to the "filing" of the indictment, whereas the indictment alleged that the bets were taken within a period of one year next preceding the *presentment* of the indictment.

In connection with this point appellant cited Flores v. State, 143 Tex.Cr.R. 382, 158 S.W.2d 1012.

The state's motion for rehearing cites this case and others which sustain its contention that the filing of the indictment evidences the date of presentment.

Ex parte Leifeste, 127 Tex.Cr.R. 445, 77 S.W.2d 675, cited in Luna and Luna v. State, Tex.Cr.App., 387 S.W. 660, sustains the state's contention that an official file mark on a document serves as evidence of the fact of filing.

The state's motion for rehearing should be granted, not only because of the erroneous holding that the file mark on the in-

dictment was hearsay and of no weight as evidence, but because no proof of the date the indictment was "returned", "presented" or "filed" was required. The trial court was authorized to take judicial notice of such facts and date and instruct the jury as he did. Donald v. State, 165 Tex.Cr.R. 252, 306 S.W.2d 360; Dunn v. State, 92 Tex.Cr.R. 126, 242 S.W. 1049; Baker v. State, 79 Tex.Cr.R. 510, 187 S.W. 949.