## Dick Marsden v. The State.

### No. 447.   Decided March 2, 1910.

### Rehearing denied April 13, 1910.

**1.—Aggravated Assault—Evidence—Practice on Appeal.**

Where, upon appeal from a conviction of an aggravated assault, it appeared from the record that the trial judge certified that he refused to prepare or sign a bill of exceptions as there was no objection made to the evidence by the defendant; and it appeared that there was no attempt to controvert this question, there was nothing for the court to review.

**2.—Same—Evidence—Officer—Arrest.**

Upon trial for aggravated assault upon an officer in the discharge of his duty, there was no error in admitting testimony to show that the officer was at the time of the assault in the act of making a legal arrest, although the defendant was not present at that particular time, besides there was no bill of exceptions duly reserved that the objection urged was a fact.

**3.—Same—Evidence—Testimony already Admitted.**

Where, upon trial of aggravated assault, the defense objected to the State's counsel's question as to what became of the case in which he had made an arrest at the time the defendant assaulted the officer, and it had previously been shown by the record that the defendant in said case had been convicted, there was no error.

**4.—Same—Evidence—Matter Drawn out by the Defendant.**

Where, upon trial for aggravated assault, the testimony complained of was brought out by the defendant, there was no error.

**5.—Same—Charge of Court—Practice on Appeal.**

Upon appeal from a conviction of aggravated assault, where the record showed that no special charges had been requested, a criticism of the court's charge could not be considered.

Appeal from the County Court of McCulloch.   Tried below before the Hon. Harvey Walker.

Appeal from a conviction of aggravated assault; penalty, a fine of $100.

The opinion states the case.

*Chas. Rogan,* for appellant.

*John A. Mobley,* Assistant Attorney-General, and *J. E. Brown,* for the State.

DAVIDSON, Presiding Judge.—Appellant was charged and convicted of an aggravated assault on one Miller, city marshal of the city of Brady, in McCulloch County, who was then in the legal discharge of his duties, etc.   Without going into a detailed statement of the evidence, it is sufficient to state that Miller was acting in his official capacity and sought to arrest T. H. Marsden, and in fact did arrest him, for being drunk and riding a horse into a house where there was kept a "uno and ino joint."   Miller caught the bridle reins of the horse ridden by Marsden and started to jail with him.   Quite a crowd

gathered around him and refused to permit him to carry his prisoner to jail; among others, was appellant, who was a son of the party who was arrested. There is some question about who was in the real wrong in regard to the fight that occurred, but it is clear that the parties surrounded Miller and refused to permit him to take the party to jail, and from this a difficulty ensued in which appellant inflicted some blows on the head of the city marshal with what the marshal called a cog wheel, which caused considerable flow of blood as well as pain. There is evidence also to the effect for the appellant that Miller struck the first blow.

1. On the trial of the case appellant reserved several bills of exception. The first bill presented to the court was refused for the reason that the evidence was elicited by defendant's counsel on cross-examination of the witness, and no exception taken to it, and no motion made to exclude it. The judge certifies that he refused to prepare or sign a bill, as there was no objection or exception made by appellant. There is no attempt to controvert this question, and it was permitted to go in the record and come before this court in that attitude. We, therefore, must accept that as a final disposition of the matter.

2. The second bill recites that Miller was permitted to testify that on the 26th of February, 1907, he came to the town of Brady and saw T. H. Marsden, father of defendant, ride his horse into a uno joint of Teague & Applewhite, and he got him and tried to put him in jail, but "that uno joint crowd kept him from it;" that he was "out of breath surging against that uno joint element." Exception was reserved to this on various and sundry grounds. The bill is approved with this qualification: "The witness, Henry Miller, city marshal of Brady, upon whom the alleged assault was committed, was testifying about his efforts to arrest T. H. Marsden and what he did trying to effect the arrest and place said Marsden in jail, the resistance of T. H. Marsden and the obstruction by the crowd, all of which occurred immediately before defendant Dick Marsden, son of T. H. Marsden, assaulted him. The charge in the information on trial was an aggravated assault upon an officer in the discharge of his duty, and the testimony complained of was admitted to show that he was trying to arrest T. H. Marsden, defendant's father, for drunkenness in a public place and disturbing the peace, and the facts were detailed by the witness to show that he as city marshal had the right to arrest T. H. Marsden without a warrant. None of the objections stated in the bill were made to the introduction of the testimony except the objection that the defendant was not present and was not bound by what T. H. Marsden did, and that the arrest of T. H. Marsden in the defendant's absence was inadmissible against the defendant. The court admitted the facts and circumstances of the arrest of T. H. Marsden to show that the city marshal then testifying was acting within the scope of his authority as such officer at the time of the alleged assault." We are of opinion that the testimony, under the statement made by the

court in his qualification, was admissible. The court says none of the objections were urged to the introduction of the testimony except that the defendant was not present, and was, therefore, not bound by what T. H. Marsden did, and that the arrest of T. H. Marsden in his absence was inadmissible against him. This is stated simply as a ground of objection, and is not stated as a fact in the bill that appellant was absent at the time of the arrest. The ground of objection, therefore, could not be considered. Appellant having accepted the bill of exception as qualified by the judge, it will be considered as correctly taken. In no manner did appellant undertake to controvert it or file a bill of exception varying from this. The rule is where the party accepts the bill as qualified by the court, it will be considered by this court as presented in the record. The evidence was admissible in any event.

3. Another bill of exception recites that Miller stated that he had made a complaint against T. H. Marsden for such offense, and that said T. H. Marsden was convicted of same; and the defendant at the time it was offered objected for several reasons, which we deem unnecessary to state in view of the bill as qualified by the court, which is as follows: "The county attorney asked the witness Miller what become of the case against T. H. Marsden for which he was trying to arrest him at the time of the alleged assault, to which the witness replied that he filed complaint against him for drunkenness and that he was convicted. The record of the conviction, the city recorder's docket, was offered in evidence by the State without objection, and showed the trial and conviction of T. H. Marsden. The witness was city marshal at the time of said trial and conviction and was present at said trial in his capacity as such officer." In view of the fact that it was shown before the jury beyond any question, and without objection, from the record of the court that T. H. Marsden had been convicted, we think appellant's objection is without merit. Concede ordinarily that this evidence was inadmissible, and it might be conceded here that it was inadmissible, but with the matter already before the jury from the record of the court, without objection, the other was a matter of small moment and immaterial. The question was fully before the jury without the evidence mentioned. Its addition was of small moment.

4. While the witness Miller was on the stand, he was permitted to testify as follows: "I consider John Teague of the uno joint element and that Mr. Teague had been engaged in the uno joint business, and said John Teague told witness Miller if he attempted to enforce the law there he would be killed." Appellant objected to all of this for various reasons. The court qualifies this bill as follows: "The first part of the testimony quoted in the bill that he considered John Teague of the uno joint element was in reply to a direct question by defendant's counsel as to whether or not he, witness Miller, considered John Teague a member of the uno crowd, and there was no objection at all to the answer. All of the testimony complained

of in this bill was elicited by defendant's counsel on cross-examination of the witness, counsel first asking the witness if he considered John Teague as belonging to the uno element or a member of that crowd, to which the witness replied in the affirmative. Counsel then asked witness what Teague had ever said to him or done to indicate that he was one of that element, and if witness did not know that Teague was a stockman and dealt in cattle, to which witness replied that Teague at one time just after he was elected told him he would be killed if he tried to enforce the law in Brady, all of which was brought out by defendant's counsel interrogating the witness on cross-examination about John Teague, his business, what he had said to witness about the matter, etc. None of the objections stated in the bill were made at the time except that it was not in reply to the question and there was no motion made by defendant's counsel to have the testimony excluded and did not request any charge' to the jury not to consider the statement." As this matter is presented in the bill we are not authorized to reverse the judgment. Appellant brought the matter out before the jury. The State, therefore, was in no way responsible for it.

5. There are some criticisms of the court's charge, and omissions to charge, but under the law in regard to misdemeanor convictions, this matter can not be considered. No special charges were requested, and we, therefore, pretermit any discussion of those matters.

As the record is presented, we are of opinion that the judgment should be affirmed, and. it is accordingly so ordered.

*Affirmed.*

[Rehearing denied April 13, 1910.—Reporter.]