ROY LEE CAVINESS v. THE STATE.

No. 23620. Delivered March 26, 1947.
Rehearing Denied April 16, 1947.

*John T. Spann,* of San Antonio, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Roy Caviness appeals from a verdict of a jury in the county court assessing one year in the county jail, on a charge of aggravated assault.

Appellant, who had just been discharged from the navy, accompanied by his parents, a cousin with his wife, and a young lady friend, went to a beer joint some distance from his home, in the City of San Antonio, where they remained from about eight o'clock in the evening until eleven o'clock, or later. It is his contention that the father became drunk and he was endeavoring to get him to their home. On the way a quarrel between the father and son caused the mother and the other couple to get out of the car and walk home, a distance of about a mile. Appellant and his girl friend, with the father, attracted the attention of the police who gave them permission to proceed home—provided the young lady would drive. It is the officer's explanation that both father and son were drunk and unable to drive safely. From the much controverted evidence on the subject of appellant's being drunk, and as to other things taking place, it is without dispute that appellant got the wheel from the young lady and proceeded several blocks, without lights. His car went off the street and into a yard where it lodged, and was deserted by the three occupants who went in as many directions. Appellant returned to his car, however, as the officers again appeared and attempted to arrest him upon the charge that he was drunk and was disturbing the peace. Appellant resisted the arrest and, according to his own testimony, struck the officer before the officer had hit him. He did so under the belief that the officer was going to strike him and that he had a right to protect himself.

Some three officers engaged in the struggle, with the result that appellant was arrested and, with several wounds on his head, was carried to the hospital for first aid treatment. All officers testified that he was drunk, while the parents and other witnesses said he was not drunk. If the officers were correct, or if he was disturbing the peace, which does not seem to be denied, they had a right to arrest him. If he was sober and was not disturbing the peace there would be some semblance

of defense in his testimony. Evidence, therefore, as to his acts and conduct reflecting his intoxicated condition became pertinent. This is true at both stops involved. Several of the bills of exception in the case object to the admission of evidence on these issues. It is observed that such evidence, in each case, as we interpret it, was admissible for the purpose of showing intoxication and that he was disturbing the peace. This was proper in order to show the right of the officers to arrest him.

The prosecution is under Section 1 of Article 1147, Vernon's Ann. P. C., and it appears to the writer that the state's evidence properly placed the issue of his guilt or innocence before the jury as defined by this article.

There are several bills of exception complaining of argument of the prosecuting attorney. These bills will not be considered for the reason that they do not comply with the rule in that it is not shown that such arguments were not made in reply to, or invited by, some argument of the defense. See Brown v. State, 184 S. W. (2d) 840. It may be remarked, however, that in as much as this argument discussed the evidence, and that evidence was on the issue of the intoxicated condition of appellant, we see no error in same.

Finding no reversible error in the trial of the case, the judgment is affirmed.

HAWKINS, P. J. absent.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant complains herein because we failed to write on some of his bills in which he thinks error was shown. He is also dissatisfied with what we said in the original opinion relative to the bills that were therein passed upon.

, Bill No. 1 complains because a witness who saw appellant about 11:45 P. M. of the night in question testified that appellant was drunk at such time. We think this testimony was admissible to show a right upon the part of the officer to arrest appellant at such time. True it is that the officer at such time refused to allow appellant to drive his car, but did agree to let a young lady then present drive this car and carry appellant and his admittedly drunken father home. The young lady took her place behind the wheel, but before she could start the car, appellant pushed her aside, took hold of the wheel and drove

the car several blocks. While driving the car, he failed to make a curve and landed in someone's yard, where the officers soon found him and attempted to put him under arrest. We think this testimony relative to appellant's drunkenness was clearly admissible.

To the same effect is our ruling on Bill No. 2 which also shows a disturbance of the peace by appellant at the scene of the first encounter on a public street. Evidently it is shown by the testimony of the officer, as well as by the evidence of some of appellant's witnesses, that an offense was being committed against the public peace in the presence of the officer. See Art. 212, C. C. P. The same ruling applies to Bills Nos. 3, 4, and 5.

Bill No. 6 relates to the matter charged in the indictment in which it is shown by a witness that appellant knocked the officer down. We think this to be the gist of the offense and is surely admissible.

Bill No. 7 relates to the conduct of the appellant immediately after his arrest and while being treated at the hospital for wounds inflicted upon his head by an officer other than the one he is herein charged with assaulting. Witnesses testified that appellant was drunk; that he was abusive and was cursing while being treated by the nurse at the hospital. Evidently this conduct could have been utilized by the jury in determining his condition just prior to having been brought to the hospital.

Bill No. 7-A is concerned with an objection to further testimony relative to certain profanity indulged in by appellant while undergoing treatment at the hospital. What we have heretofore said as to Bill No. 7 governs this matter.

Bill No. 8 relates to further action upon the part of appellant at the time of his arrest and further cursing of the officers. Again, we think same is admissible on more than one ground.

Bill No. 8-A relates to a requested instruction which the trial court refused to give in which it was sought to have the trial judge limit the testimony as to the conduct of appellant at the first meeting with the officer only for the purpose of affecting the credibility of the appellant, if it did so, and for no other purpose. It is evident from what we have said above that such an instruction should not have been given. Appellant's conduct at such first meeting, as well as his condition, was the cause of his ultimate arrest, and all his acts therein, as well as

immediately thereafter, were sufficient grounds to justify his arrest by the officer who was assaulted by appellant at the scene where the car was stopped by the driving of appellant.

Bills Nos. 9, 10, 11, and 12 are not properly prepared and were correctly disposed of in our original opinion. See Art. 667, note 31, Vernon's Ann. Tex. C. C. P., Vol. 2.

Bill No. 13 is based upon the following occurrence: After the jury had retired to consider of their verdict, they afterwards returned into court a verdict of guilt, assessing a penalty of one year in the county jail and containing a recommendation for a suspension of the sentence, whereupon the careful trial judge refused to accept such a recommendation with the statement to the jury "that under the law in misdemeanor cases the jury is not permitted to recommend the suspension of a sentence, and the jury was instructed to retire with the officer and further consider their verdict and either find the defendant guilty or not guilty as they may determine." The jury then retired and shortly thereafter returned with the verdict of one year in the county jail, at which time the trial court asked the jury if such was their verdict and each juror stated that it was. See Art. 696, Vernon's Ann. Tex. C. C. P., and cases cited.

If an illegal verdict is returned the court can retire the jury until they agree upon a proper verdict, but he cannot substitute his judgment for an illegal verdict. See Horn v. State, 117 Tex. Cr. R. 22, 35 S. W. (2d) 145. We think the trial court acted correctly when he refused to accept this informal and improper verdict of the jury and was within the statute when he directed the jurors to return for further deliberation. There can be no suspension of sentence in a misdemeanor case, but same applies only to felonies. Art. 776, C. C. P.

Bill No. 14 relates to proof of certain profane language used by appellant while under treatment at the hospital soon after he was taken into custody by the police officers. We have heretofore said that such conduct was admissible to show the condition of appellant relative to his drunkenness, he himself testifying that he had taken not more than four bottles of beer at such time, and witnesses for the State testifying to his drunken condition at the time he was apprehended.

We think the original opinion was correct in its conclusion, but due to the insistence of appellant's attorney, we have endeavored to again notice each bill, all of which are overruled, as well as the motion for a rehearing.