## DENIS M. PARHAM V. STATE

No. 25618. January 9, 1952.

Hon. Joe D. Huffstutler, Judge Presiding.

*Doyle Pevehouse,* Corsicana, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, a fine of $100.00.

In view of our disposition of the case, a recitation of the facts will not be necessary.

Bill of Exception No. 1 shows the following question was asked a prosecuting witness by the counsel for the state:

"Mr. Tucker, can you tell the jury approximately how many, what percentage of these people you observe that you determine to be intoxicated, and how many you just turn loose?"

The witness was permitted, over appellant's objection, to answer as follows:

"I wouldn't think we have arrested one out of every fifty we actually observe and checked."

We conclude that this was both an effective and improper method of bolstering the state's witness. It would be only natural for a jury to conclude that an officer who arrested only one out of fifty suspects in driving-while-intoxicated cases was a fair and careful officer who resolved all doubt in favor of those he suspected of violating the law and should, therefore, be afforded the highest degree of credibility.

We say, in passing, that the record reflects that the officer in question, together with his partner, observed appellant in what they contended was a state of intoxication in a public place but made no effort to arrest him, as it was their duty to do; let him go to his automobile and drive away; and then followed and arrested him for driving while intoxicated. Such a practice on the part of peace officers should not be condoned. To do so would endanger the safety of those upon the highway in order that an officer might establish a more serious case.

For the error pointed out, the judgment is reversed and the cause remanded.