## Ben F. Brooks v. State

No. 27,411. February 9, 1955

*Clark A. Holloway,* Clarksville, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is driving while intoxicated; the punishment, 3 days in jail and a fine of $50.00.

Appellant was sixty years old and the former postmaster of the town of Bagwell. This will explain the deference accorded the appellant by the arresting officer, who had known him for many years.

Constable Burnett testified that he heard a gun fired and went to investigate; that he found the appellant pointing a rifle at Mr. Garrett; that he stepped between them and told the appellant to go home; that the appellant left but soon returned, at which time he informed the appellant that he would have to take him to jail and instructed him to wait until he went home and got his automobile, but that the appellant drove away. Burnett testified that he got his automobile, drove toward the appellant's home, saw the appellant's automobile in the ditch, and came upon the appellant sitting on a bridge.

He also testified that appellant fired the gun another time at the bridge, that appellant's son put the appellant in his automobile, and that he drove him to Clarksville and put him in jail. Burnett stated that in his opinion the appellant was intoxicated. He explained his conduct in sending the appellant home by stating that when he interceded Mr. Garrett ran home, he thought to fetch a weapon, and he wanted to get the appellant off the streets in the hope that he might avoid a shooting.

Sheriff Beville testified that he observed the appellant when Constable Burnett brought him to jail and that in his opinion the appellant was intoxicated.

Jailer Smith testified that he observed the appellant when he was brought to jail and that in his opinion the appellant was intoxicated. Smith stated that for some time after he was placed in jail the appellant shook the cell door and called to him repeatedly.

Appellant offered several witnesses who testified that in their opinion the appellant was not intoxicated on the day in question.

Appellant, testifying in his own behalf, stated that he had drunk one "toddy" and part of a bottle of beer earlier in the afternoon before his difficulty with Mr. Garrett, that the constable told him to go home on two occasions, and that he drank some whiskey after he ran into the ditch and before the constable got to the bridge where he was sitting. He explained the second shooting at the bridge by saying that he was just "blowing off steam." He stated that he was not intoxicated at the time he drove his automobile.

The jury resolved the disputed issue of the appellant's intoxication against him, and we find the evidence sufficient to support the conviction.

Appellant contends that, since the constable told him to go home, he thereafter was estopped from arresting him for driving while intoxicated while on the way home. Heretofore, in Parham v. State, 156 Texas Cr. Rep. 578, 244 S.W. 2d 809, we have condemned peace officers for waiting until a person who is intoxicated in a public place gets in an automobile and drives away and then arresting such person and charging him with driving while intoxicated. We do not think that we have such a case before us here. The constable was alone without a deputy;

he observed what he thought was a potentially dangerous situation, and he told the appellant to go home. We think he was justified in choosing the alternative fraught with the least danger. The constable was not shown to have been armed, and he testified that on the second occasion he told the appellant to wait until he went to get his automobile but that the appellant drove away.

Our state's attorney calls attention to the verdict of the jury wherein they "recommend the suspension of the jail sentence," and to the holdings of this court in Coleman v. State, 75 Texas Cr. Rep. 66, 170 S.W. 150; Williams v. State, 118 Texas Cr. Rep. 366, 42 S.W. 2d 441; and Caviness v. State, 150 Texas Cr. Rep. 296, 200 S.W. 2d 1017. Upon these authorities and Article V, Section 13, of the Constitution of Texas, it is suggested that the trial judge could not accept the jury's verdict and permit it to stand and yet refuse to abide by it.

If the verdict of the jury had reference to the suspended sentence law, the authorities mentioned would require that the verdict be not received.

This is so because under the provisions of Article 778, V.A.C.C.P., "in all cases sentence shall be suspended if the jury recommends it in their verdict."

If the recommendation of the jury had reference to the provision of Article 802, V.A.P.C., "Provided, however, that the presiding judge in such cases at his discretion may commute said jail sentence to a probation period of not less than six (6) months," the recommendation of the jury was not binding upon the court and, if the provision was valid, the judge might have placed appellant on probation or declined to do so at his discretion.

This court has declared the provision of Article 802, V.A. P.C., above quoted, to be invalid, and has in a number of cases reformed the judgment which contained a provision for probation to eliminate the provision. See Gilderbloom v. State, 160 Texas Cr. Rep. 471, 272 S.W. 2d 106; Walsh v. State, 274 S.W. 2d 80, and Morgan v. State, 274 S.W. 2d 73.

We see no distinction between those cases and the case before us. If the trial court had seen fit to "suspend" the jail term, as recommended by the jury, and in the judgment had granted probation under the void provision of Article 802,

V.A.P.C., this court, under the authority last mentioned, would have reformed the judgment and eliminated the void provision.

The fact that the recommendation of the jury under the suspended sentence law is binding on the court, whereas their recommendation as to the enforcement of the punishment assessed in a misdemeanor case is not, distinguishes this case from the decisions cited by our state's attorney.

Finding no reversible error, the judgment of the trial court is affirmed.

DAVIDSON, Judge, Dissenting.

In accordance with the views of a majority of this court, as stated in Gilderbloom v. State, 160 Texas Cr. Rep. 476, 272 S.W. 2d 106, the minimum punishment affixed to the offense of drunken driving (Art. 802, Vernon's P.C.) is a fine of $50 and three days' confinement in the county jail.

No authority exists to commute, suspend, or extend probation of the jail sentence.

Here, the trial court, in submitting this case to the jury, correctly instructed on the penalty. There was no mention in the charge of the jury's right to suspend the jail penalty.

The jury returned the following verdict in the case:

"We the Jury, find the defendant guilty as charged and assess his punishment at 3 day in Jail and (-50.00) fifty Dollar fine We furthermore recommend the suspension of the Jail sentence"

The trial court received that verdict and ordered it filed.

When the trial court came to enter judgment on that verdict, however, no reference was made to the suspension of the jail penalty, as recommended by the jury. That recommendation was completely ignored.

It is the rule that when a trial judge receives and orders filed the jury's verdict, he is bound to enter judgment in accordance with that verdict; he cannot enter another or different judgment than that called for by the verdict. Among attesting authorities are the following cases: Hardy v. State, 159 Texas

Cr. R. 54, 261 S.W. 2d 172; Baker v. State, 70 Texas Cr. R. 618, 158 S.W. 998; Essery v. State, 72 Texas Cr. R. 414, 163 S.W. 17; Coleman v. State, 75 Texas Cr. R. 66, 170 S.W. 150; Pritchard v. State, 117 Texas Cr. R. 106, 35 S.W. 2d 717; Williams v. State, 118 Texas Cr. R. 366, 42 S.W. 2d 441; Cagle v. State, 147 Texas Cr. R. 140, 179 S.W. 2d 545; King v. State, 135 Texas Cr. R. 71, 117 S.W. 2d 800.

The case of Ex parte Edwards, 125 Texas Cr. R. 188, 67 S.W. 2d 308, appears to me to be here applicable. In that case, Edwards was convicted of the offense of passing a forged instrument. He filed an application for a suspended sentence but did not support it by the necessary proof. The trial court did not submit to the jury the question of the suspension of sentence. Notwithstanding such fact, the jury did recommend in its verdict that the sentence be suspended. The trial court received that verdict and tendered judgment thereon but refused to suspend the sentence. The recommendation for suspension of the sentence was ignored because the accused had not made the proof necessary to authorize it. The judgment of conviction in that case was held to be absolutely void and subject to attack by writ of habeas corpus, because the trial court was without authority or power to render it.

In my opinion, this judgment of conviction rests not upon a verdict written by a jury, where a jury trial was accorded, but upon a verdict written, first, by the trial court and, second, by the approval of that verdict by my brethren.

This should not be. In my opinion, the cases I here cite so demonstrate. If my brethren are not going to follow those cases, they should, in all fairness, overrule them and not permit them to remain as any part of the law of this state.

I respectfully dissent.