VERNON CLAY V. STATE

No. 27,452. March 2, 1955
State's Motion for Rehearing Denied
(Without Written Opinion) April 13, 1955

*Pat Beene,* Snyder, for appellant.

*Wayland G. Holt,* County Attorney, Snyder, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is the possession of whiskey, wine and beer in a dry area for the purpose of sale; the punishment, one year in jail and a fine of $500.00.

Sheriff Whisnand testified that he went to an apartment occupied by Sammy and Jesse Riggins one Saturday night and there found a quantity of intoxicants, that he arrested them and confined them in jail until the following Thursday, at which time the Riggins boys made sworn statements that the intoxicants were not theirs but belonged to the appellant, who was shown to be the brother of their landlord. The sheriff stated that he then released the Riggins boys and filed an accusation against the appellant.

Both Sammy and Jesse testified that after they rented the apartment the appellant made an arrangement with them to keep intoxicants in their clothes closet.

Appellant denied that the intoxicants were his or that he had made any arrangement with the Riggins to keep the same for him.

By Bill of Exception No. 2 the appellant complains that the state was permitted to bolster the testimony of the sheriff.

On cross-examination the sheriff was asked to explain why he would turn loose two men whom he had found in possession of contraband and file a charge against another against whom he had no evidence other than the word of the two. On re-direct examination we find the following:

"Q. Pat has asked you some questions about your turning these men loose. Do—state whether or not you make it a practice to file complaints against anybody for anything unless you think they are guilty?

"MR. BEENE: That calls for a conclusion. It is bolstering himself and highly improper.

\* \* \* \*

"MR. HOLT: The question was whether or not he made a practice of filing against anybody for any offense unless he thought they were guilty.

"MR. BEENE: And my objection is that it is self-serving declaration and a declaration in an attempt to bolster his own testimony and it is prejudicial to this man's rights and that's the thing these men are trying—whether or not this man is innocent or guilty. In other words, it is the province of this jury.

"MR. HOLT: I think it is in answer to what he has brought out on cross-examination.

"MR. BEENE: Do you overrule?

"THE COURT: Yes.

"MR. BEENE: Note our exception.

"Q. I will begin—just answer the question. Whether or not you ever filed a complaint on anybody for any offense unless you think they are guilty of that offense?

"MR. BEENE: I reiterate and insist on an objection to having the question answer. . . .

"THE COURT: Overruled.

"MR. BEENE: Note our exception.

"A. Never in my life have I filed on any man I thought was not guilty. I don't work that way."

Attention is again called to the fact that the sheriff first arrested Sammy and Jesse Riggins and, upon their sworn denial of guilt, released them and arrested the appellant.

The above testimony of the sheriff was tantamount to an expression of opinion that the appellant was guilty.

In Parham v. State, 156 Texas Cr. Rep. 578, 244 S.W. 2d 809, in discussing a similar type of question and answer, we said:

"We conclude that this was both an effective and improper method of bolstering the State's witness."

For the error set forth above, the judgment is reversed and the cause remanded.

WOODLEY, Judge, dissenting.

Appellant's counsel submits in his brief five propositions upon which he relies for reversal. The error which my brethren find and upon which a reversal of the conviction is predicated is not mentioned or assigned in the brief and has no relation to either of the propositions there claimed to be the errors which require reversal. Under appellate procedure in our civil courts, and prior to the recent amendment of Art. 759a C.C.P. in this Court, the point would be considered as waived. (It will be observed that the amendments of Art. 759a, Sec. 2, adopted the procedure in civil cases in reference to errors in the admission

or exclusion of evidence, but the legislature failed to require assignment of the error as in civil matters, R.C.P. 374 has no counterpart in criminal procedure.)

This dissent is based, however, upon the ground that the ruling of the court was not error, under the evidence, but was invited and made admissible by the following cross-examination of the sheriff by appellant's counsel.

"Q. And you took those two boys' word out there as to all this whiskey without a search warrant. You took their word even after they told you they lived there and that they had the place rented? A. We took their sworn statement.

"Q. That's right and turned them scotfree aloose -.- didn't require them to go before a jury, and filed on this man just on their word alone? A. On their sworn statement alone.

"Q. And their word alone? A. We took a sworn statement.

"Q. And they were the only ones who told you of any kind of connection that this whiskey belonged to Vernon Clay? A. That's right.

"Q. There was a little deal involved, wasn't there? A. No, there wasn't.

"Q. Quite a bit of politics going on about that time? A. Not with that bunch down there there certainly wasn't.

"Q. Do you usually run your office that way? Have you always been that kind of officer? A. What kind?

"Q. Take two men and filed on some other man? A. I would on a sworn statement, yes, sir.

"Q. And a sworn statement makes the difference, is that right? A. It does with me, yes, sir."

The complaint was made by the sheriff-witness and the jury was informed of that fact when the information was read to them which set out that same was presented "on the written affidavit of Homer Whisnand, a competent and reliable person." He testified to the finding of the liquor.

The questions propounded to the sheriff on cross-examination above quoted suggested that there was "a little deal" or politics involved in the matter; that the sheriff was the kind of officer who usually ran his office through deals and politics and for

that reason he filed the complaint against appellant and permitted the occupants of the apartment to go free.

To refute the inference that appellant was charged and the Riggins boys released for some ulterior purpose, the sheriff was properly permitted to show that he released the Riggins boys because he never filed on any man he thought was not guilty.

I respectfully enter my dissent.