## WILLIAM C. LEWIS V. STATE

No. 28,078. February 29, 1956.
Appellant's Motion for Rehearing Denied
(Without Written Opinion) April 11, 1956.

*J. M. Parker,* Gorman, for appellant.

*J. M. Nuessle,* County Attorney, Eastland, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The offense is the unlawful sale of beer in a dry area with a prior conviction for a like offense alleged for enhancement; the punishment, 30 days in jail and a fine of $500.

The record does not contain a statement of facts on the main trial.

Appellant contends that the court erred in refusing to accept the verdict of the jury which suspended the punishment assessed, and again erred in instructing them before they retired for further deliberation that the suspended sentence law was not applicable to the case.

The jury's verdict, which the court declined to accept, suspended the punishment assessed. The court instructed the jury in writing that the suspended sentence law was not applicable to the case and referred them to certain paragraphs of the court's charge. The jury was then directed to retire for further deliberation.

This is a misdemeanor case. The verdict suspending the punishment assessed was not authorized by law or the charge of the court and was not such a verdict as the court should accept.

Therefore, it was the duty of the court to refuse to accept the verdict and to direct the jury's attention to the charge of the court and ask them to retire for further deliberation. Caviness v. State, 150 Tex. Cr. R. 296, 200 S.W. 2d 1017; Belton v. State, 162 Tex. Cr. Rep. 436.

No objection was made or exception reserved to the additional instruction at the time it was given by the court. Hence, nothing is presented for review.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.