Minnie Lee **CROSBY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 43539.

Court of Criminal Appeals of Texas.

March 17, 1971.

Reybourn U. Anderson of Welz, Anderson & Peters, Dallas, for appellant.

Henry Wade, Criminal Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., and Edgar A. Mason, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is aggravated assault upon an officer in the lawful discharge of his duties; the punishment, six months in jail.

The evidence shows that Detective R. A. McGraw was called to the appellant's place of employment by the plant manager, Foy Cross, in connection with a stabbing that occurred in the plant. Accompanied by the plant manager, Detective McGraw walked back to the area where appellant was working and the manager told her to get her cigarettes, lighter and purse, and to come outside with them to talk to them about the fight. Appellant apparently wanted to talk to someone in another area before she left, and the officer informed her that she could not do so. When she reached to get her purse, the officer observed a knife in it, and took the purse. Appellant attempted to recover the purse, then began to curse, hit and scratch the officer, as well as to attempt to remove his pistol from its holster. The officer finally subdued and handcuffed the appellant.

The sole question presented for review is the admissibility of the following testimony by the plant manager, Foy Cross:

CROSS: "I opened the door to the nurse's quarters and an employee had her back to me; the nurse had pressure with towels to her back."

PROSECUTOR: "All right. And, then what happened?"

CROSS: "She released the pressure of the towel and there was a knife wound that was gushing blood."

Subsequent testimony shows that as a result of his observance of this stab wound, Foy called the police to investigate the stabbing; Officer McGraw responded to that call and arrested the appellant.

Such testimony was necessary and admissible in the case at bar to show that the officer was discharging an official duty at the time of the assault and to show the reason for the officer's arrest of the appellant. Marsden v. State, 59 Tex.Cr.R. 36, 126 S.W. 1160; Porter v. State, 80 Tex.Cr.R. 240, 190 S.W. 159; and Caviness v. State, 150 Tex.Cr.R. 296, 200 S.W.2d 1017.

Finding no reversible error, the judgment is affirmed.