Alfred Lee TURNHAM, Appellant,

v.

The STATE of Texas, Appellee.

No. 46404.

Court of Criminal Appeals of Texas.

Feb. 14, 1973.

Rehearing Denied April 4, 1973.

Holt & Tatum, Nacogdoches, for appellant.

Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from an order revoking probation.

On November 16, 1970, appellant was convicted of the offense of theft. His punishment was assessed by the court at five years, probated. One of the conditions of his probation was that he commit no offense against the laws of this State or any other state of the United States.

On January 11, 1972, a motion to revoke probation was filed. It alleged that on November 7, 1971, the appellant committed the offense of driving a motor vehicle on a public road while intoxicated. A hearing on the motion to revoke was held on March 1, 1972.

The record shows that on November 7, 1972, Officer Burnis Bobbit of the Nacogdoches Police Department, while on routine patrol on South Street, observed a pickup truck coming in his direction. He testified that as the vehicle approached him it was swerving from lane to lane and driving in the center of the two lanes, straddling the lanes. He continued his testimony stating that he turned around and pursued the truck, stopping it just south of Seale Street. He testified that appellant's speech was slurred and that he had a strong smell of alcohol on his breath and that he was unsure on his feet. The results of a breathalyzer test showed appellant's alcoholic content to be .14 percent.

Appellant complains that the trial court abused its discretion in revoking his probation contending that the application for revocation is fundamentally void and defective for not concluding "against the peace and dignity of the State" as required by law.

The identical contention was decided adversely to appellant's claim by this Court in Rhodes v. State, 491 S.W.2d 895 (this day decided).

Next, appellant contends that the trial court abused its discretion because of an alleged fatal variance between the pleadings and the proof. He argues that the motion for revocation alleges that he was accorded adult probation for a period of three years and the judgment and proof thereof show that appellant's probation was for a period of five years. The fact that the motion for revocation so recited is of no consequence. The trial court could take judicial notice of its own records. The appellant was not misled.

Finally, appellant claims that the evidence in the case constitutes entrapment, and in law constitutes a defense to the alleged crime.

He argues that because other officers, who investigated a reported dis-

turbance at the service station managed by the appellant, allowed him to drive home from the station, Officer Bobbit was, therefore, estopped from later arresting him for the offense of driving while intoxicated. Appellant's contention is without merit. Officer Bobbit was not one of the police officers at the service station and had only general knowledge by radio that a disturbance had even occurred. Officer Bobbit was not one of the officers at the station who allowed appellant to drive home. More evidence of intoxication might have been seen by Officer Bobbitt than the other officers saw.

■ To establish entrapment, an accused must show that the crime originated in the minds of the officers. Cooper v. State, 162 Tex.Cr.R. 624, 288 S.W.2d 762. There is no showing that the officers caused the appellant to drink or drive in such condition.

It is not clear that the officers who saw him at the service station thought that he was intoxicated. Even if they did think so, no entrapment is shown.[1]

No abuse of discretion being shown, the judgment is affirmed.

MORRISON, Judge (concurring).

"Years ago" . . . . . . . . . years ago indeed!!

My brother Douglas cites Parham v. State, 156 Tex.Cr.R. 578, 244 S.W.2d 809, in footnote 1, supra, stating "Years ago this Court stated that it did not condone such practice . . .". I shudder to think that the majority is suggesting that the passage of years might dull a proposition so essentially sound.

I concur in the affirmance of this conviction.

[1]. Years ago this Court stated that it did not condone such practice of peace officers letting an intoxicated person get into a car and drive and then arrest him.

See Parham v. State, 156 Tex.Cr.R. 578, 244 S.W.2d 809, and Brooks v. State, 161 Tex.Cr.R. 73, 275 S.W.2d 500.