TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00537-CR







Gregorio Alvarez, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 0951295, HONORABLE CHARLES CAMPBELL, JUDGE PRESIDING







PER CURIAM


 At a trial on a two-count indictment, a jury found appellant guilty of indecency with
a child by contact and aggravated sexual assault of a child. Act of May 29, 1987, 70th Leg.,
R.S., ch. 1028, § 1, 1987 Tex. Gen. Laws 3474 (Tex. Penal Code Ann. § 21.11(a)(1), since
amended); Act of July 18, 1987, 70th Leg., 2d C.S., ch. 16, § 1, 1987 Tex. Gen. Laws 80 (Tex.
Penal Code Ann. § 22.021(a)(1)(B)(i), (a)(2)(B), since amended). The jury assessed punishment
for each count at imprisonment for ten years. On the jury's recommendation, imposition of
sentence was suspended and appellant was placed on community supervision.

 In his first point of error, appellant contends his prosecution and conviction on both
counts of the indictment violated the constitutional guarantee against double jeopardy. U.S.
Const. amend. V; Tex. Const. art. I, § 14. Appellant did not raise this contention prior to or
during trial. See Casey v. State, 828 S.W.2d 214, 215-18 (Tex. App.--Amarillo 1992, no pet.)
(in general, defendant must raise double jeopardy claim in trial court to preserve issue for appeal).

 The aggravated sexual assault count alleged that appellant penetrated the
complainant's sexual organ with his finger. The indecency with a child count alleged that
appellant touched the complainant's genitals. Appellant argues that the indecency with a child
count was included within the aggravated sexual assault count because the penetration of the
complainant's sexual organ could not be accomplished without touching her genitals. See Parrish
v. State, 869 S.W.2d 352, 355 (Tex. Crim. App. 1994) (Double Jeopardy Clause bars prosecution
of any offense included within offense for which defendant has been prosecuted); see also
Blockburger v. United States, 284 U.S. 299, 304 (1932) (test for "same offense" when same act
violates different penal statutes).

 Parrish and Blockburger presuppose that the prosecutions alleged to constitute
double jeopardy are based on the same act. The appellate record contains a partial statement of
facts that does not include the guilt phase of trial. Appellant did not file a statement limiting the
appeal. Tex. R. App. P. 53(d). We must presume that the omitted portion of the statement of
facts is relevant to this appeal and supports the judgment. Johnson v. State, 894 S.W.2d 529, 535
(Tex. App.--Austin 1995, no pet.). Absent evidence to the contrary, we presume that the
convictions for indecency with a child and aggravated sexual assault rest on different acts and thus
do not implicate the Double Jeopardy Clause. Point of error one is overruled.

 Appellant's second point of error is that the district court erred by permitting the
Travis County District Attorney to prosecute this cause after granting a motion to recuse. 
Appellant's recusal motion alleged that Gary Cobb, an assistant district attorney, was a material
witness. At the bottom of the motion is the notation, "Granted for the reason that Gary Cobb is
a witness in the case." Apparently, Cobb had no further involvement in this cause and appellant
does not contend otherwise. Appellant's contention is that the Travis County District Attorney
and his entire staff were disqualified from prosecuting this cause.

 The district court was not authorized to disqualify the Travis County District
Attorney and his staff from prosecuting this cause and properly refused to do so. State ex rel.
Eidson v. Edwards, 793 S.W.2d 1, 4 (Tex. Crim. App. 1990). The individual prosecutor who
appellant claimed had a conflict of interest removed himself from the case, thus avoiding any
violation of appellant's due process rights. Id. at 6. No reversible error is presented. Point of
error two is overruled.

 Next, appellant contends the district court erred by ordering as a condition of
community supervision that appellant be "placed into the Travis County community based
corrections/work release program for a period of 120 days." Appellant points out that in its
punishment charge, the court informed the jury of some of the possible supervisory conditions that
could be imposed if the jury recommended community supervision. Apparently desiring to give
the court the benefit of its advice, the jury marked through several of these conditions, including
custodial supervision in a community-based facility, added others, and noted on the verdict form,
"See conditions of probation." Appellant argues that the court was not authorized to disregard
the jury's directives regarding the conditions of supervision.

 It is not altogether clear that the order to participate in a work-release program
conflicts with the jury's "recommendation" that appellant not be placed in a community-based
facility. In any event, the authority to determine the appropriate conditions of community
supervision rests with the trial court. Tex. Code Crim. Proc. Ann. art. 42.12, § 11(a) (West
Supp. 1996). One of the supervisory conditions the court is expressly authorized to impose is
custodial supervision in a community-based facility. Id., § 11(a)(12). The court may impose this
condition at any time during the supervisory period. Id., § 12(c). Appellant relies on Martinez
v. State, 874 S.W.2d 267 (Tex. App.--Houston [14th Dist.] 1994, pet. ref'd). In that case, the
jury assessed punishment at a term of imprisonment and a fine, and recommended that both be
probated. The trial court ordered the defendant to pay the fine as a supervisory condition. The
court of appeals held that where the jury recommends that a fine be probated, the trial court may
not order payment of the fine as a condition of community supervision. The Martinez opinion is
both legally and factually distinguishable from the cause before us.

 We hold that the district court did not exceed its statutory authority by placing
appellant in a community-based facility work-release program. Point of error three is overruled.

 By point of error four, appellant argues that if the jury was not empowered to
dictate the conditions of community supervision, the district court erred by accepting the
punishment verdict in which it attempted to do so. Appellant cites no authority in support of this
contention. Under the circumstances, we believe the court properly treated the jury's notation on
the verdict form as surplusage. See Brook v. State, 275 S.W.2d 500 (Tex. Crim. App. 1955);
Rodgers v. State, 649 S.W.2d 371, 376 (Tex. App.--Austin 1983, no pet.). Point of error four
is overruled.

 In two related points of error, appellant contends the district court erred by
accepting the presentence investigation report. First, appellant complains that the probation
officer who prepared the report, Richard Baladares, had a "personal relationship" with Frances
Montez-Alvarez, the complainant's mother and appellant's wife. At the hearing on appellant's
objection to the presentence report, Montez-Alvarez testified that Baladares had asked her out on
dates and sexually harassed her. Baladares denied these allegations and testified that he had no
social relationship with Montez-Alvarez.

 Appellant further contends that the presentence report was prepared under the
supervision of the mother of a witness for the State. Baladares identified Tentia Rodriguez, the
witness's mother, as a supervisor in the probation department. He testified, however, that
Rodriguez was not and never had been his supervisor.

 As trier of fact at the hearing, the court was the judge of the credibility of the
witnesses and the weight to give their testimony. There was no evidence that the presentence
report was prepared under the supervision of the witness's mother. The court could reasonably
discount the testimony of appellant's wife and credit Baladares's testimony. Even if appellant's
allegations had been shown to be true, there was no evidence that these circumstances had any
impact on the contents of the report. Points of error five and six are overruled.

 Finally, appellant urges that the district court erred by failing to provide him with
a free statement of facts. Appellant timely filed a motion for free statement of facts and
supporting affidavit of indigence. Tex. R. App. P. 53(j). The visiting judge who presided at
appellant's trial granted the motion on the day it was filed. Two months later, the State filed its
"response in opposition to appellant's motion for a free statement of facts" and asked for a
hearing. A hearing on the motion was held before the elected judge of the 147th District Court. 
Appellant declined to offer evidence on the ground that the court was without jurisdiction to
reconsider the previous order signed by the visiting judge. The only evidence adduced was State's
exhibit one, a copy of appellant's employment record showing that he was then employed at an
annual salary of $28,322.24. After the hearing, the court found that appellant was not indigent
and withdrew the previous order granting appellant a free statement of facts.

 Appellant contends, without citation to authority, that he was entitled to rely on the
original order granting his motion for free statement of facts. He argues that the State engaged
in improper forum shopping to find a judge who would give it a more favorable ruling. Appellant
concludes that the actions of the State and court denied him due process of law.

 The State clearly did not engage in forum shopping, since the court to whom it
directed its motion was the court in which appellant was tried and that issued the order the State
sought to contest. Moreover, it was appropriate for the court to conduct a hearing into appellant's
indigency after being placed on notice that there may have been a change in that status. Castillo
v. State, 595 S.W.2d 552, 554 (Tex. Crim. App. 1980). We find appellant's due process
argument to be without merit and overrule point of error seven.

 The judgment of conviction is affirmed.


Before Justices Jones, Kidd and B. A. Smith

Affirmed

Filed: July 31, 1996

Do Not Publish



not exceed its statutory authority by placing
appellant in a community-based facility work-release program. Point of error three is overruled.

 By point of error four, appellant argues that if the jury was not empowered to
dictate the conditions of community supervision, the district court erred by accepting the
punishment verdict in which it attempted to do so. Appellant cites no authority in support of this
contention. Under the circumstances, we believe the court properly treated the jury's notation on
the verdict form as surplusage. See Brook v. State, 275 S.W.2d 500 (Tex. Crim. App. 1955);
Rodgers v. State, 649 S.W.2d 371, 376 (Tex. App.--Austin 1983, no pet.). Point of error four
is overruled.

 In two related points of error, appellant contends the district court erred by
accepting the presentence investigation report. First, appellant complains that the probation
officer who prepared the report, Richard Baladares, had a "personal relationship" with Frances
Montez-Alvarez, the complainant's mother and appellant's wife. At the hearing on appellant's
objection to the presentence report, Montez-Alvarez testified that Baladares had asked her out on
dates and sexually harassed her. Baladares denied these allegations and testified that he had no
social relationship with Montez-Alvarez.

 Appellant further contends that the presentence report was prepared under the
supervision of the mother of a witness for the State. Baladares identified Tentia Rodriguez, the
witness's mother, as a supervisor in the probation department. He testified, however, that
Rodriguez was not and never had been his supervisor.

 As trier of fact at the hearing, the court was the judge of the credibility of the
witnesses and the wei